IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM L. HARDING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 22-197-RAW |
| | ) | |
| WATCH TOWER BIBLE AND | ) | |
| TRACT SOCIETY OF NEW YORK, | ) | |
| INC., and CHRISTIAN | ) | |
| CONGREGATION OF JEHOVAH | ) | |
| WITNESSES OF NEW YORK, INC., | ) | |
| | ) | |
| Defendants, | ) | |

## OPINION AND ORDER

Plaintiff William L. Harding, a state prisoner appearing pro se and seeking to bring a civil rights action, has filed this complaint pursuant to 34 U.S.C. § 20341 (Dkt. 2 at 2). This statute "mandates that persons involved in certain professions who learn of or suspect child abuse must report the same to certain agencies." *Harding v. Watch Tower Bible & Tract Society of New York, Inc.,* No. CIV-21-515-JD, 2021 WL 7448748, at *3 (W.D. Okla. Aug. 12, 2021). Plaintiff alleges that in 1996-97, after evaluation by a doctor, he realized he had been abused by two elders of his church on two separate occasions. He seeks monetary damages and extended psychological therapy for his injuries that include post-traumatic stress disorder, failed marriages, trust issues, parenting issues, and difficulty in reconnecting with his faith.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim on which relief

may be granted, or seeks monetary relief against a defendant who is immune from such relief. In conducting this review, the reviewing court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a pro se litigant's pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989).

The Court notes Plaintiff filed the above-cited, similar civil rights complaint in Case No. CIV-21-515-JD, 2021 WL 7448748 (W.D. Okla. 2021). He raised claims under § 20341 and other statutes and named the same defendants that are in this case, along with a third entity and two individuals who were residents of Muskogee, Oklahoma. The Magistrate Judge in that case entered a Report and Recommendation (R&R) pointing out that § 20341 is a federal criminal statute that does not "create a private cause of action." *Harding*, 2021 WL 7448748, at *3 (Aug. 12, 2021) (citing *McDonald v. Esposito*, No. 20-CV-828 (RPK) (RML), 2021 WL 1062259, at *5 (E.D.N.Y. March 18, 2021)). The Magistrate Judge further

explained in the R&R that:

> "'Because a private citizen lacks a judicially cognizable interest in the criminal prosecution of another, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), a civil plaintiff has no standing to assert a claim arising under a criminal statute.' *Miles v. Bottom*, No. 5: 15-CV-126-JMH, 2016 WL 2344222, at *4 (E.D. Ky. May 3, 2016) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979))." *McIntyre*, 2019 WL 524071, at *4. Accordingly, Plaintiff's claims under [this] statute should be dismissed based on a lack of subject matter jurisdiction.

*Harding*, 2021 WL 7448748, at *4. The R&R also recommended that Plaintiff's motion for leave to proceed *in forma pauperis* be denied as moot. *Id.* at *5. The district judge adopted these recommendations, dismissing the complaint without prejudice and denying the *in forma pauperis* motion as moot. *Harding*, No. CIV-21-515-D, 2022 WL 340589, at *2, *4 (W.D. Okla. Feb. 21, 2022), *aff'd*, No. 22-6029, 2022 WL 3025816 (10th Cir. Aug. 1, 2022).

After careful review, the Court finds that for the same reasons in Case No. CIV-21-515-D, Plaintiff cannot bring a claim in this case under 34 U.S.C. § 20341. Therefore, this action must be dismissed.

**ACCORDINGLY,**

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 7) is DENIED AS MOOT.

3. This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant

to 28 U.S.C. § 1915(g).[1]

**IT IS SO ORDERED** this 9th day of January 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

---

[1] In addition to the above-cited case from the Western District of Oklahoma, this Court has found at least three other civil actions filed by Plaintiff that constitute "prior occasions" or "strikes" under 28 U.S.C. 115(g): (1) *Harding v. Watch Tower Bible & Tract Society of New York, Inc.*, No. CIV 20-254-JD (W.D. Okla. May 18, 2020 (Order adopting R&R that § 1983 action should be dismissed for failure to state a claim for violation of federal law and for lack of subject matter jurisdiction over Plaintiff's state law claims); (2) *Harding v. Causase*, No. CIV 15-316-R (W.D. Okla. July 11, 2016) (Order adopting R&R that § 1983 action should be dismissed in part pursuant to Fed. R. Civ. P. 12(b)(6) as time-barred and pursuant to 28 U.S.C. § 1915(3)(2)(B)(ii) for failure to state a claim upon which relief may be granted), *appeal dismissed for lack of prosecution*, No. 17-6106 (10th Cir. June 29, 2017); and (3) *Harding v. Stevens*, No. CIV 15-315-R (W.D. Okla. May 22, 2015) (Order adopting R&R that § 1983 action should be dismissed upon screening for failure to state a claim upon which relief can be granted.